**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anthony Guagliardo,
Plaintiff,
v.
Home Depot Incorporated,
Defendant.

No. CV-26-00495-TUC-AMM

**ORDER**

On September 28, 2026, Plaintiff Anthony Guagliardo, proceeding pro se, filed a Complaint alleging Defendant Home Depot, Incorporated discriminated against him during his employment with the company. (Doc. 1.) Plaintiff also filed an Application to Proceed In Forma Pauperis ("IFP Application"). (Doc. 2.) For the following reasons, the Court will grant the IFP Application and dismiss the Complaint with leave to amend.

## I. IFP Application

Ordinarily, a party who files an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. Upon such application, the Court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis. *See id.* § 1915(a)(1).

The Court has reviewed Plaintiff's IFP Application (Doc. 2) and finds that Plaintiff lacks the means to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

## II. Statutory Screening of Pro Se Complaints

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2). The district court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Watison*, 668 F.3d at 1112. A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. Plaintiff's Complaint

Beginning in November 2023, Plaintiff worked at Home Depot as a Service Desk Associate, and later, a Cashier. (Doc. 1-2 at 1.) He alleges that Defendant discriminated against him based on his race, gender, disability, and sexual orientation in violation of

Title VII of the Civil Rights Act of 1964.[1] (Doc. 1 at 3–5.) Plaintiff does not explicitly identify his race, gender, or sexual orientation, but he does state that he has autism. (*Id.* at 4.)

Plaintiff first asserts that Defendant subjected him to unequal terms and conditions of employment and created a hostile work environment when "Gabby," the Head Cashier, spoke "to [Plaintiff] in a condescending tone that interfered with [his] ability to perform [his] job duties." (*Id.* at 4–5; Doc. 1-2 at 1.) Plaintiff further alleges that Gabby "treated [him] disrespectfully in front of coworkers, challenged [him] when [he] asked work-related questions, and treated [him] differently regarding break times." (Doc. 1-2 at 1.) Plaintiff also states that Gabby "directly commented that because [his is] white and ha[s] freckles [he] would be called tortila [sic]." (Doc. 1 at 5.)

Plaintiff also brings a claim alleging that Defendant unlawfully retaliated against him after he complained about Gabby's conduct. (Doc. 1-2 at 1.) Instead of "properly investigat[ing] [his] complaints or tak[ing] effective corrective action," Plaintiff alleges that Defendant issued him a write up. (*Id.*) Plaintiff does not specify the asserted basis for that write up nor its effect on his employment. Nevertheless, he asserts that "this is a pretext for sex-based discrimination and retaliation for [his] prior complaints about Gabby's conduct." (*Id.*)

Afterwards, Plaintiff states that he "sought medical treatment." (*Id.* at 2.) It is unclear whether that medical treatment was related to his work environment. He alleges that Defendant disciplined him for his absence during the medical treatment. (*Id.*)

Plaintiff further alleges that Defendant thereafter facilitated a meeting between Plaintiff and Gabby to "discuss the issues between [them]." (*Id.*) Plaintiff describes Gabby as "behave[ing] disrespectfully" by speaking over him and interrupting him during the meeting. (*Id.*) Plaintiff subsequently requested to transfer to another

---

[1] Plaintiff also cites the Arizona Civil Rights Act ("ACRA"). (Doc. 1 at 5.) For purposes of screening, the Court notes that the analytical framework for disparate treatment discrimination claims under Title VII and ACRA are "generally identical." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 740 n.1, 742 (9th Cir. 2004). Therefore, the Court will not separately assess Plaintiff's claims under ACRA.

department, but Defendant denied his transfer request. (*Id.*) Plaintiff alleges this denial and failure to take corrective action constitute unlawful discrimination and retaliation under Title VII. (*Id.*)

**IV. Analysis**

**A. Discrimination**

A prima facie case of disparate-treatment discrimination under Title VII requires a plaintiff to plausibly allege that he (1) belongs to a protected class; (2) was qualified for the position or performing satisfactorily; (3) experienced an adverse employment action; and (4) was treated less favorably than similarly situated individuals outside the protected class or experienced the adverse action under other circumstances giving rise to an inference of discrimination. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Hittle v. City of Stockton*, 101 F.4th 1000, 1011–12 (9th Cir. 2024). Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). It does not protect individuals with disabilities. However, the Americans with Disabilities Act ("ADA") prohibits employers from discriminating against a qualified individual based on disability in "hiring, advancement, or discharge of employees, employee compensation, job training, or other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

An adverse employment action is any action that causes "some harm respecting an identifiable term or condition of employment." *See Muldrow v. City of St. Louis*, 601 U.S. 346, 354–55, 359 (2024) (rejecting the requirement that an adverse action must result in significant or serious harm to qualify). Thus, an unfavorable transfer decision affecting duties, scheduling, or employment benefits may qualify. *Id.* at 358–59.

Title VII also prohibits discriminatory harassment that creates a hostile work environment, without requiring a separate tangible employment action. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). To state such a claim, a plaintiff must plausibly allege unwelcome verbal or physical conduct that occurs because of a characteristic protected by Title VII. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686–87

(9th Cir. 2017). The conduct must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Id.*

Here, Plaintiff fails to state a plausible claim of employment discrimination. First, Plaintiff has not alleged sufficient facts connecting any challenged employment action to his race, gender, or sexual orientation. Although he does not identify his race, Gabby's alleged comment that he is white and has freckles supplies racial context. Plaintiff does not, however, explain how that comment relates to the disciplinary actions or transfer denial. Nor does he describe more favorable treatment of similarly situated employees of other races. As to gender and sexual orientation, Plaintiff neither identifies those characteristics nor describes circumstances suggesting that either motivated Defendant's conduct. Plaintiff's conclusory allegations provide no factual connection between the challenged actions and a protected class. And, even construing Plaintiff's disability discrimination claims under the ADA, he has not alleged any facts that support a reasonable inference that his autism motivated any adverse action. The allegation that Defendant disciplined him after he sought unspecified medical treatment, without more, is insufficient.

Moreover, Plaintiff has not adequately alleged a cognizable adverse employment action. Although an adverse action need not cause *significant* harm, Plaintiff's allegations do not sufficiently describe how the challenged actions left him worse off with respect to an identifiable term or condition of employment. He does not provide details about his write-up or the consequences thereof, nor does he explain how Gabby's decisions regarding breaks or the denial of his transfer request affected his working conditions. The deficiency is thus not the magnitude of the alleged harm, but the lack of specific facts explaining how those actions affected his employment.

Nor has Plaintiff adequately alleged a hostile work environment. Gabby's condescending tone, interruptions, and challenges to work-related questions describe unpleasant interactions, but Plaintiff provides insufficient detail about their frequency, duration, or severity. Even considered alongside the race-related comment, these

allegations do not plausibly establish harassment that is severe or pervasive enough to alter his working conditions.

The Court will permit Plaintiff an opportunity to amend his claim if he can allege additional facts that identify the employment-related harm(s) he suffered, explain the connection between Defendant's action and a protected characteristic, and describe the nature and extent of any discriminatory harassment he endured.

**B. Retaliation**

A prima facie claim of Title VII retaliation requires a plaintiff to show (1) he was engaging in a protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between his activity and the adverse action. *Wrighten v. Metro. Hosps.*, 726 F.2d 1346, 1354 (9th Cir. 1984). To establish causation, the plaintiff must prove "that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). This requires "evidence that the employer was aware that the plaintiff had engaged in the protected activity." *De La Torre v. Merck Enters., Inc.*, 540 F. Supp. 2d 1066, 1083 (D. Ariz. 2008) (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)).

Title VII only addresses retaliation for protected activity that involves opposition to practices made unlawful by Title VII. *See* 42 U.S.C. § 2000e-2(a). These include discrimination based on race, color, religion, sex, or national origin; they do not include discrimination based on disability. *Id.*; *Williamson v. Am. Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 443 (S.D. Texas 2010) ("Plaintiff's disability discrimination claim does not fall within the purview of Title VII's protected classes."). Rather, it is the ADA and ACRA that make retaliation for opposing disability discrimination unlawful. 42 U.S.C. § 12203(a); Ariz. Rev. Stat. §§ 41-1463, 41-1464(A).

Here, Plaintiff fails to state a claim for retaliation. As discussed above, Plaintiff has not sufficiently alleged that he complained about any cognizable discrimination. Therefore, for purposes of his retaliation claim, he has not alleged that he was engaged in protected activity that involves opposition to practices made unlawful by Title VII.

Plaintiff likewise fails to allege adequate facts that show he was subjected to an adverse employment action and that such action was causally connected to his complaints. The Court will therefore dismiss Plaintiff's retaliation claims but allow him an opportunity to amend if he can allege sufficient facts to remedy these deficiencies.

**V. Leave to Amend**

A pro se litigant is entitled to an opportunity to amend a complaint if the Court determines that Plaintiff might cure the deficiencies by alleging other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). "Leave to amend need not be given if a complaint [or claim], as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). As discussed supra, if Plaintiff can allege additional facts, he might cure his deficient claims of employment discrimination and retaliation. The Court will, therefore, allow Plaintiff an opportunity to file an Amended Complaint if he has sufficient facts to support these claims.

Plaintiff is advised, however, that an Amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). This means that once Plaintiff files an Amended Complaint, his original Complaint will be treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Plaintiff may not incorporate any part of his original Complaint by reference. He must retype and reassert each claim in its entirety.

Plaintiff shall also familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. He is advised that a Handbook for Self-Represented Litigants is available on the Court's website at https://publicapps.azd.uscourts.gov/prosesurvey/.

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

///

## VI. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's IFP Application is **GRANTED**. (Doc. 2.)

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. 1.) Plaintiff may file an Amended Complaint within **30 days** of the date of this Order.

**If Plaintiff fails to file an Amended Complaint within 30 days of the date of this Order, the Clerk of Court shall close this case without further notice.**

Dated this 17th day of November, 2026.

Honorable Angela M. Martinez
United States District Judge